UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEERACHAI CHAIWONG,<br><br>Plaintiff,<br><br>v.<br><br>HANLEES FREMONT, INC., et al.,<br><br>Defendants. | Case No. 16-cv-04074-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; REMANDING CASE**<br><br>Re: Dkt. No. 79 |

On September 27, 2018, the Court granted Defendant Ally Financial, Inc.'s ("Ally") motion to dismiss Plaintiff Weerachai Chaiwong's second amended complaint and co-Defendant Hanlees Fremont, Inc.'s ("Hanlees") cross-claims, both without leave to amend. *See* Dkt. No. 72. Hanlees moved for leave to file a motion for reconsideration. *See* Dkt. No. 79 ("Mot.").[1] The Court **DENIES** the motion for reconsideration, declines to exercise supplemental jurisdiction, and **REMANDS** the case to the Alameda County Superior Court.

**I. BACKGROUND**

Plaintiff originally filed suit against Ally and Hanlees in Alameda County Superior Court on May 25, 2016. *See* Dkt. No. 1, Ex. 1. Ally removed the case to federal court under the Class Action Fairness Act ("CAFA"). *See id.* at 1. Plaintiff filed a first amended individual and class action complaint, Dkt. No. 19, and Hanlees asserted several cross-claims against Ally in its answer. *See* Dkt. No. 25. Ally moved to dismiss both Plaintiff's and Hanlees' claims. *See* Dkt. Nos. 21, 36. The Court granted Ally's motions on September 1, 2017, but gave Plaintiff and Hanlees leave to amend, despite being "skeptical that Plaintiff or Hanlees" would be able to plead

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

additional facts sufficient to survive a second motion to dismiss. *See* Dkt. No. 55 at 9.

Plaintiff then filed a second amended complaint. *See* Dkt. No. 57 ("SAC"). Again, Hanlees asserted cross-claims against Ally in its answer. *See* Dkt. No. 61. On September 27, 2018, the Court granted Ally's motion to dismiss Plaintiff's and Hanlees' complaint and cross-claims, without leave to amend. *See* Dkt. No. 72. Following a case management conference, Hanlees moved for leave to file a motion for reconsideration. *See* Mot. Ally opposed on November 21. *See* Dkt. No. 81 ("Opp.").

## II. LEGAL STANDARD

A party seeking reconsideration of an interlocutory order "must specifically show reasonable diligence in bringing the motion, and one of the following:"

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered" and "[a]ny party who violates this restriction shall be subject to appropriate sanctions." Civil L.R. 7-9(c).

A district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). And a case removed to federal court "shall be remanded" to state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Hanlees has not shown (or even addressed) any of the Rule 7-9(b) grounds for granting leave to file a motion for reconsideration. Hanlees does not cite a single case in its motion for leave. Nor does it claim that there has been any change in the facts or law. Rather, it continues to

press the same argument as it did before: that the underlying car lease agreement violated California law. But a "motion for reconsideration is not an appropriate vehicle by which to relitigate arguments made on a motion to dismiss." *See Adan v. Kaiser Found. Health Plan, Inc.*, No. 17-CV-01076-HSG, 2018 WL 1640166, at *2 (N.D. Cal. Apr. 5, 2018). Accordingly, because none of the grounds for Rule 7-9(b) relief have been established, the Court **DENIES** the motion for leave to file a motion for reconsideration.

Ally removed the case under CAFA, based on Plaintiff's putative class action claims. Now that Ally has been dismissed, Plaintiff's remaining claims are individual state law claims against Hanlees. Thus, the Court has neither CAFA jurisdiction nor federal question jurisdiction over this dispute. *See* 28 U.S.C. §§ 1331, 1332(d), 1453(b). Given that Plaintiff resides in California and Hanlees is a California corporation, *see* SAC ¶¶ 2–3, the Court also lacks diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Though the Court likely has supplemental jurisdiction over the remaining state law claims, it declines to exercise it here. *See Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal quotation omitted). And because there is no subject matter jurisdiction, the case must be remanded. *See* 28 U.S.C. § 1447(c).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion for leave to file a motion for reconsideration and declines to exercise supplemental jurisdiction over the remaining claims. Because the Court lacks subject matter jurisdiction, it **REMANDS** the case to the Alameda County Superior Court. The Clerk is directed to remand the case and to close the file.

**IT IS SO ORDERED.**

Dated: 5/2/2019

*/s/ Haywood S. Gilliam, Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge